UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| C. DAVID STOKES<br>      Plaintiff<br><br>vs.<br><br>CIGNA GROUP INSURANCE COMPANY,<br>AND CONNECTICUT GENERAL LIFE<br>INSURANCE COMPANY, AND PRICE<br>WATERHOUSE LONG TERM DISABILITY<br>PLAN<br>      Defendants | )<br>)<br>)<br>) Civil Action No. 04CV11967 REK<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF DEFENDANTS CIGNA GROUP INSURANCE, CONNECTICUT GENERAL LIFE INSURANCE COMPANY, AND PRICE WATERHOUSE LONG TERM DISABILITY PLAN

Defendants Cigna Group Insurance Company ("CIGNA"), Connecticut General Life Insurance Company ("CGLIC") and Pricewaterhouse Long Term Disability Plan ("the Plan") hereby answers Plaintiff's Complaint with the corresponding numbered paragraphs, as follows:

1. Sentence 1, of Paragraph 1 states a legal conclusion for which no response is required. The Defendants state that the Second Sentence of Paragraph 1 states a legal conclusion for which no response is required. Defendants admit that the Plan is insured by Policy Number 0303220, and that the Plan number is 503.

2. Paragraph 2 states a legal conclusion for which no response is required. To the extent it alleges facts, they are denied.

3. Paragraph 3 states a legal conclusion for which no response is required. To the extent it alleges facts, they are denied.

4. Paragraph 4 states a legal conclusion for which no response is required.

5. Defendants are without sufficient information to either admit or deny Plaintiff's allegation that he currently resides in Boston, Massachusetts. Defendants admit Plaintiff's allegation that he is 41 years old. Sentences 2 and 3 of Paragraph 5 state legal conclusions for which no response is required.

6. Defendants deny the allegations stated in this paragraph. Defendant Cigna Group Insurance is not a legal entity and does not have a principal place of business. Defendants further state that this party has been voluntarily dismissed from this action.

7. Defendants deny the allegations stated in this paragraph and further state that Connecticut General Corporation, not a party, is the parent corporation of Connecticut General Life Insurance ("CGLIC"). CGLIC has a principal place of business located in Bloomfield, CT. Defendants deny the allegations stated in the third sentence of Paragraph 7, and further state that CGLIC is the Claims Administrator for the Plan entitled to determine a claimant's eligibility for benefits under the Plan.

8. Paragraph 8 states a legal conclusion for which no response is required.

9. Defendants admit the allegations stated in the first sentence of Paragraph 9. Defendants admit the Plan is insured by Policy Number 0303220, and that the Group Plan number is 503.

10. Defendants admit so much of this paragraph as alleges that Plaintiff was previously employed as a Senior Manager/ Consultant at Pricewaterhouse LLP., in Boston, Massachusetts, not "Pricewaterhouse" as alleged in the Complaint. The Defendants deny the remainder of the allegations stated in this paragraph.

11. The Defendants are without sufficient information to admit or deny the allegations stated in this paragraph.

12. This paragraph states a legal conclusion for which no response is required

13. Defendants admit that CGLIC is the Claim Administrator for the Plan. Defendants deny the remaining allegations in this Paragraph and further state that CGLIC insures the Plan pays claims according to the terms and conditions of the Plan.

14. This paragraph states a legal conclusion for which no response is required.

15. This paragraph states a legal conclusion for which no response is required.

16. Defendants deny the allegations in paragraph 16 as failing to state the entirety of a document that is the best evidence of its contents. Defendants also deny that Plaintiff is entitled to any benefits under the Plan.

17. Defendants deny the allegations in paragraph 17 as failing to state the entirety of a document that is the best evidence of its contents.

18. Defendants deny the allegations in paragraph 18 as failing to state the entirety of a document that is the best evidence of its contents.

19. Defendants deny the allegations in paragraph 19 as failing to state the entirety of a document that is the best evidence of its contents.

20. This paragraph states a legal conclusion for which no response is required. To the extent it alleges facts, they are denied.

21. Defendants state that they are without sufficient information to either admit or deny the allegations stated in paragraph 21.

22. Defendant states that it is without sufficient information to either admit or deny the allegations stated in paragraph 22.

23. Defendants admit that Plaintiff was treated by Dr. Cohen who is affiliated with the Community Research Initiative of New England. Defendants state that they do not have sufficient information to either admit or deny the remaining allegations stated in Paragraph 23.

24. Defendants admit the allegations stated in Sentence 1, of Paragraph 24 insofar as it alleges that Dr. Cohen prescribed AZT for Plaintiff. Defendants are without sufficient information to either admit or deny the remaining allegations in Paragraph 24.

25. Defendants admit so much of the allegations stated in Paragraph 25 as alleges that Plaintiff stopped working. Defendants are without sufficient information to either admit or deny the remaining allegations stated in Paragraph 25.

26. Defendants deny the allegations stated in the first two sentences of Paragraph 26. Defendants admit so much of the third Sentence of Paragraph 26 as alleges that Plaintiff has been able to survive with AIDS. Defendants lack information to either admit or deny the remaining allegations in the third sentence of Paragraph 26.

27. Defendants are without information to either admit or deny the allegations stated in Paragraph 27. To the extent that this paragraph can be construed to allege that Plaintiff was disabled at the time CGLIC terminated his benefits, that allegation is denied.

28. Defendants are without sufficient information to either admit or deny the allegations stated in Paragraph 28.

29. Defendants admit that at one point in his treatment, Plaintiff was a on a 5 day on/2 day off cycle of medication. Defendants are without sufficient information to either admit or deny the remaining allegations stated in Paragraph 29.

30. Defendants are without sufficient information to either admit or deny the allegations stated in Paragraph 30.

31. Defendants admit the allegations stated in Paragraph 31 insofar as it alleges that Plaintiff was treated for Cardiomyopathy and Congestive Heart Failure and that he had an ejection fraction of 15%. Defendants also admit that Plaintiff was taken off of antiviral medications for a period of time following his hospitalization in 1999. Defendants are without sufficient information to either admit or deny the remaining allegations as to the consensus shared by Plaintiff's physicians as alleged therein.

32. Defendants admit that the number of Plaintiff's T-helper cells dropped in August of 2000. Defendants also admit that Plaintiff was prescribed Tenofovir and Pentamadine. Defendants are without sufficient information to either admit or deny the remaining allegations stated in Paragraph 32.

33. Defendants deny the allegations stated in Paragraph 33 insofar as it alleges that Plaintiff was debilitated by the conditions he complains of in this Paragraph. Defendants are without sufficient information to either admit or deny the remaining allegations in this paragraph.

34. Defendants admit the allegations stated in this paragraph insofar as it alleges that Plaintiff's heart conditions stabilized. Defendants are without sufficient

information to either admit or deny the remaining allegations stated in Paragraph 34.

35. Defendants admit Plaintiff was prescribed Percocet during his treatment with Dr. Cohen. Defendants are without sufficient information to either admit or deny the remaining allegations stated in Paragraph 35.

36. Defendants admit the allegations stated in this paragraph insofar as it alleges that Plaintiff's medical providers warned him not to overuse caffeine, or any type of stimulants. Defendants are without sufficient information to either admit or deny the allegations stated in Paragraph 36.

37. Defendants admit that Plaintiff worked out with a trainer in August 2002. Defendants are without sufficient information to either admit or deny the remaining allegations stated in Paragraph 37.

38. Defendants admit that Dr. Cohen prescribed Testosterone. Defendants are without sufficient information to either admit or deny the remaining allegations stated in Paragraph 38

39. Defendants are without sufficient information to either admit or deny the allegations stated in Paragraph 39.

40. Defendants deny the allegations stated in Paragraph 40 insofar as it alleges that Plaintiff was debilitated by, or rendered disabled by, the side effects he allegedly endured as alleged in this Paragraph. Defendants are without sufficient information to either admit or deny the remaining allegations in this paragraph.

41. Defendants admit that Plaintiff was prescribed AZT. Defendants are without sufficient information to either admit or deny the remaining allegations stated in Paragraph 41.

42. Defendants admit that Plaintiff was prescribed Botox injections, Methadone, Topomax and Percocet for his headaches at various times during his treatment with Dr. Cohen. Defendants are without sufficient information to either admit or deny the remaining allegations stated in Paragraph 42.

43. Defendants admit that Plaintiff submitted an application for total long term disability benefits to CGLIC. Defendants deny that Plaintiff submitted his application for benefits on March 10, 1995.

44. Defendants admit that CGLIC approved Plaintiff's claim for benefits but deny that they did so on May 12, 1995.

45. Defendants admit that they paid Plaintiff benefits until terminating his benefits through CGLIC's letter of September 3, 2003.

46. Defendants admit that it received a document dated September 12, 2002, from Susan Gross. The Defendants deny the remaining allegations in Paragraph 46 as failing to state the entirety of a document that is the best evidence of its contents.

47. The Defendants deny the allegations in Paragraph 47 as failing to state the entirety of a document that is the best evidence of its contents.

48. The Defendants deny the allegations in Paragraph 48 as failing to state the entirety of a document that is the best evidence of its contents.

49. Defendants admit the allegations stated in Paragraph 49 insofar as they allege that CGLIC continued to investigate Plaintiff's eligibility to receive benefits. Defendants deny the remaining allegation stated in this Paragraph.

50. Defendants admit the allegations stated in Paragraph 50 insofar as they allege that CGLIC's investigator conducted surveillance of Plaintiff on October 22, 2002, and October 30, 2002. Defendants admit Plaintiff's allegation that Plaintiff was confirmed to be at home on October 28, 2002. Defendants deny the remaining allegations in this Paragraph.

51. CGLIC admits that it scheduled an appointment for Plaintiff to be examined by John J. Brusch, M.D., but denies that it made the appointment in December of 2002. Defendants admit the remaining allegations stated in the first sentence of Paragraph 51. Defendants admit that Dr. Brusch is board certified in internal medicine, and that he specializes in infectious diseases. Defendants are without sufficient information to either admit or deny that Dr. Brusch holds a sub specialty certificate in infectious diseases. Defendants are without sufficient information as to whether Dr. Brusch is presently affiliated with Harvard Medical School.

52. The Defendants deny the allegations in Paragraph 52 as failing to state the entirety of a document that is the best evidence of its contents.

53. Defendants admit that CGLIC's investigators conducted additional surveillance on December 17, 2002, and December 18, 2002 as alleged in Paragraph 53. Defendants deny the remaining allegations as failing to state the entirety of a document that is the best evidence of its content.

54. Defendants admit the allegations stated in the first sentence of Paragraph 54, insofar as it alleges that Special Investigation Unit authored a report dated January 8, 2003. The Defendants deny the remaining allegations in Paragraph 54 as failing to state the entirety of a document that is the best evidence of its contents.

55. Defendants admit the allegations stated in Paragraph 55 insofar as it alleges that CGLIC retained Crawford Investigation Services, which conducted an investigation, as memorialized by its report of January 23, 2003. Defendants deny the remaining allegations in this paragraph as failing to state the entirety of a document which is the best evidence of its content.

56. Defendants admit the allegations stated in Paragraph 56 insofar as it alleges that CGLIC's investigators conducted additional surveillance on the dates alleged. Defendants admit the allegation that it produced a videotape of the surveillance conducted on March 26, 2003. Defendants further state that they did not fail to produce any videotape from surveillance conducted on March 27, 2004, as no such videotape was made by CGLIC's investigator's on that date. Defendants make no response to Plaintiff's allegation that they violated ERISA as that is a legal conclusion for which no response is required.

57. Defendants admit that the Special Investigations Unit authored a report dated April 16, 2003. The Defendants deny the remaining allegations in Paragraph 57 as failing to state the entirety of a document that is the best evidence of its contents.

58. Defendants admit the allegations stated in Paragraph 58 insofar as it alleges that CGLIC sent a facsimile to Millie Rodriguez of Sweet Productions on June 12,

2003. Defendants deny the remaining allegations of Paragraph 58 as it fails to state the entirety of a document that speaks for itself.

59. Defendants admit that Sweet Productions sent CGLIC a facsimile stating that Plaintiff did not work for that entity. Defendants deny the allegation that Plaintiff did not work for Sweet Productions.

60. Defendants admit so much of Paragraph 60 as alleges that Dr. Cohen submitted a document entitled "Disability Management Solutions, Physical Abilities Assessment Form" to CGLIC in July of 2003. Defendants deny the remaining allegations stated in Paragraph 60 as it fails to state the entirety of a document that is the best evidence of its content.

61. CGLIC admits that a third party investigative agency, I.M.L. Investigations, Inc., conducted surveillance of Plaintiff on several dates between July 21, 2003 and July 26, 2003 using two investigators. CGLIC denies the remaining allegations stated in this Paragraph.

62. Defendants deny the allegations in Paragraph 62 as failing to state the entirety of a document that is the best evidence of its contents.

63. Defendants admit the allegations stated in Paragraph 63 insofar as it alleges that CGLIC sent Millie Rodriguez a facsimile on August 4, 2004. Defendants deny the remaining allegations stated in this paragraph as they fail to state the entirety of a document which is the best evidence of its content.

64. Defendants admit that CGLIC received a facsimile dated August 6, 2003 from Millie Rodriguez of Sweet Productions. Defendants deny the remaining

allegations stated in Paragraph 64 as it fails to state the entirety of a document, which is the best evidence of its content.

65. Defendants admit that a physician reviewed Plaintiff's file and authored comments on August 8, 2003 as alleged in Paragraph 65. Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

66. Defendants admit the allegations stated in Paragraph 66 insofar as it alleges that the Special Investigation Unit authored a report dated August 13, 2003. The Defendants deny the remaining allegations stated in Paragraph 66 as it fails to state the entirety of a document that is the best evidence of its content.

67. Defendants deny the allegations stated in Paragraph 67.

68. Defendants deny the allegations stated in Paragraph 68.

69. Defendants admit the allegations stated in Paragraph 69 insofar as it alleges that CGLIC referred Plaintiff's claim to Michael Silverman, M.D. for an additional review of his claim. Defendants deny the allegation that Dr. Silverman practices in Illinois.

70. Defendants admit the allegations stated in Paragraph 70 insofar as it alleges that Michael Silverman, M.D. authored a report dated August 21, 2003 which is the best evidence of its content.

71. Defendants deny the allegations stated in Paragraph 71 insofar as it alleges that CIGNA, not CGLIC, terminated Plaintiff's benefits through a letter dated September 3, 2003. Defendants admit that CGLIC authored the September 3,

2003 letter but deny the remainder of the allegations stated in Paragraph 71 as it fails to state the entirety of a document that is the best evidence of its contents.

72. Defendants deny the allegations stated in Paragraph 72 insofar as it alleges that CIGNA, not CGLIC, terminated Plaintiff's benefits. Defendants admit that Plaintiff sent a letter dated November 26, 2003 seeking to appeal CGLIC's decision to terminate his benefits. Defendants deny the remainder of the allegations stated in Paragraph 72 as it fails to state the entirety of a document that is the best evidence of its contents.

73. Defendants deny the allegations stated in Paragraph 73 as it fails to state the entirety of a document that is the best evidence of its contents.

74. Defendants deny the allegations stated in Paragraph 74 as it fails to state the entirety of a document that is the best evidence of its contents. Defendants also deny the allegations stated in this paragraph as it states a legal conclusion for which no response is required.

75. Defendants deny the allegations stated in Paragraph 75 as it fails to state the entirety of a document that is the best evidence of its contents. To the extent this paragraph alleges that Plaintiff has not worked since the onset of his alleged disability, that allegation is denied.

76. Defendants deny the allegations stated in Paragraph 76 as it fails to state the entirety of documents that are the best evidence of their contents. To the extent that this paragraph alleges that Plaintiff's medical condition has declined, that allegation is denied.

77. Defendants deny the allegations stated in Paragraph 77 as it fails to state the entirety of documents that are the best evidence of their contents. To the extent that this paragraph alleges that Plaintiff did not work for Sweet Productions, that allegation is denied.

78. Defendants deny the allegations stated in Paragraph 78 as it fails to state the entirety of documents that are the best evidence of their contents.

79. Defendants deny the allegations stated in Paragraph 79 insofar as it alleges that CIGNA, not CGLIC, wrote to Plaintiff's Counsel on December 1, 2003. Defendants admit that CGLIC wrote to Plaintiff on December 1, 2003, but deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its contents.

80. Defendants admit that CGLIC received a letter from Plaintiff's Counsel dated December 4, 2003. Defendants deny the allegations stated in Paragraph 80 as they fail to state the entirety of documents that are the best evidence of their content. Defendants deny the allegations stated in the second sentence of Paragraph 80.

81. Defendants admit the allegations stated in Paragraph 81 insofar as it alleges that Plaintiff's Counsel sent a letter to CGLIC dated December 8, 2003, containing an affidavit allegedly signed by one Douglas Brooks. Defendants deny the remaining allegations stated in this paragraph since it fails to state the entirety of documents that are the best evidence of their content.

82. Defendants admit the allegations stated in Paragraph 82 insofar as it alleges that CGLIC's Pattie Holt sent Plaintiff's Counsel a letter dated December 8, 2003.

Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

83. Defendants admit the allegations stated in Paragraph 83 insofar as it alleges that Plaintiff's Counsel sent a letter to CGLIC dated December 10, 2003, attaching an affidavit allegedly signed by one Frank Ribaudo. Defendants deny the remaining allegations stated in this paragraph since it fails to state the entirety of documents that are the best evidence of their content. Defendants further deny the allegations stated in the second sentence of Paragraph 83.

84. Defendants admit the allegations stated in Paragraph 84 insofar as it alleges that Plaintiff's Counsel sent CGLIC a letter dated December 10, 2003, enclosing an affidavit allegedly signed by Bradley Bechok, C.P.A. Defendants deny the remaining allegations stated in this paragraph since it fails to state the entirety of documents that are the best evidence of their content. Defendants deny the allegations stated in the second sentence of Paragraph 84.

85. Defendants admit the allegations stated in Paragraph 85 insofar as it alleges that Plaintiff's Counsel sent CGLIC a letter dated December 11, 2003 enclosing an affidavit allegedly signed by one John Ranco of Prudential Gibson Real Estate.

86. Defendants admit the allegations stated in Paragraph 86 insofar as it alleges that Plaintiff's Counsel sent CGLIC a letter dated December 11, 2003. Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

87. Defendants admit the allegations stated in Paragraph 87 insofar as it alleges that Plaintiff's Counsel sent CGLIC a letter dated December 19, 2003, in which she

enclosed an affidavit allegedly signed by one Paul Minichiello. Defendants deny the remaining allegations stated in this paragraph since it fails to state the entirety of documents that are the best evidence of their content.

88. Defendants admit that Plaintiff's Counsel wrote to CGLIC's Pattie Holt through her letter dated December 21, 2003. Defendants are without sufficient information to either admit or deny whether it appeared to Plaintiff's Counsel that Ms Holt was not in possession of certain documents as alleged in this paragraph.

89. Defendants admit the allegations stated in Paragraph 89 insofar as they allege that CGLIC's Pattie Holt wrote to Plaintiff's Counsel on January 6, 2004. Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

90. Defendants admit the allegation stated in Paragraph 90 of the Complaint insofar as it alleges that Plaintiff's Counsel sent CGLIC a letter dated January 20, 2004, enclosing records from Calvin Cohen, M.D. Defendants deny the remaining allegations stated in this paragraph since it fails to state the entirety of documents that are the best evidence of their content.

91. Defendants admit the allegations stated in the first sentence of Paragraph 91 insofar as it alleges that Plaintiff's Counsel sent CGLIC a document allegedly prepared by one Paul Blatchford. Defendants deny that that Mr. Blatchford's document is captioned "independent vocational examination." Defendants deny the remaining allegations stated in this paragraph insofar as they fail to state the entirety of documents which are the best evidence of their content.

92. Defendants admit the allegations stated in Paragraph 92 insofar as they allege that Plaintiff's Counsel sent a letter dated January 26, 2004, to CGLIC's Pattie Holt. Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

93. Defendants admit the allegations stated in this paragraph insofar as it alleges that CGLIC's Pattie Holt wrote to Plaintiff's Counsel on January 31, 2004. Defendants deny the remaining allegations stated in the paragraph as they fail to state the entirety of a document which is the best evidence of its content.

94. Defendants admit the allegations stated in Paragraph 94 insofar as it alleges that Plaintiff's Counsel sent CGLIC a letter dated February 20, 2004. Defendants deny the remaining allegation stated in this paragraph as they fail to state the entirety of documents which are the best evidence of their content.

95. Defendants admit the allegations stated in Paragraph 95 insofar as it alleges that CGLIC's Pattie Holt sent Plaintiff's Counsel a letter on March 1, 2004. Defendants deny the remaining allegations stated in the paragraph as they fail to state the entirety of a document which is the best evidence of its content.

96. Defendants admit the allegations stated in Paragraph 96 insofar as they allege that Plaintiff's Counsel sent a letter dated March 5, 2004 to CGLIC's Pattie Holt. Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

97. Defendants admit the allegations stated in Paragraph 97 insofar as they allege that CGLIC's Pattie Holt sent Plaintiff's Counsel a facsimile on March 10, 2004.

Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

98. Defendants admit the allegations stated in Paragraph 98 insofar as they allege that Plaintiff's Counsel sent CGLIC's Pattie Holt a facsimile on March 10, 2004. The Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

99. Defendants admit the allegations stated in Paragraph 99 insofar as they allege that Plaintiff's Counsel sent CGLIC's Pattie Holt a facsimile on March 11, 2004. The Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

100. Defendants admit the allegations stated in Paragraph 100 insofar as they allege that Plaintiff's Counsel sent CGLIC's Pattie Holt a facsimile on March 17, 2004, and enclosing an affidavit allegedly signed by Plaintiff. The Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of document that are the best evidence of their contents.

101. Defendants admit that on March 23, 2004, CGLIC's Pattie Holt sent a facsimile to Plaintiff's Counsel. The Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

102. Defendants admit the allegations stated in Paragraph 102 insofar as they allege that Dr. Cohen initially refused to write a prescription for a Functional Capacities Evaluation ("FCE") for Mr. Stokes. Defendants deny the remaining allegations stated in this paragraph.

103. Defendants admit the allegations stated in Paragraph 103 insofar as they allege that Plaintiff's Counsel wrote a letter dated March 30, 2004 to CGLIC's Pattie Holt. Defendants deny the remaining allegations stated in this paragraph insofar as it fails to state the entirety of a document that is the best evidence of its content. Defendants further deny that Plaintiff's March 30, 2004 letter requested an update of CGLIC's review of his claim.

104. Defendants admit the allegation stated in Paragraph 104 insofar as it alleges that CGLIC's Pattie Holt sent a letter dated April 10. 2004, to Plaintiff's Counsel. Defendants deny the remaining allegations stated in this Paragraph as they fail to state the entirety of a document that is the best evidence of its content.

105. Defendants admit the allegations stated in Paragraph 105 insofar as they allege that on April 7, 2004, Plaintiff's Counsel sent CGLIC's a letter containing a narrative report by Dr. Cohen. The Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

106. Defendants admit the allegations stated in this Paragraph insofar as it alleges that Dr. Cohen wrote to CGLIC on April 9, 2004 approving an FCE for Plaintiff. Defendants deny the remaining allegations stated in this paragraph as it fails to state the entirety of a document which is the best evidence of its content.

107. Defendants admit the allegations stated in Paragraph 107 insofar as it alleges that on April 12, 2004 Healthsouth sent a letter to Plaintiff's Counsel. The Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

108. Defendants admit the allegations stated in Paragraph 108 to the extent it alleges that on April 20, 2004 and April 21, 2004, Plaintiff attended an FCE allegedly accompanied by one Melanie Nichols. Defendants are without sufficient information to admit or deny the remaining allegations stated in this paragraph.

109. Defendants admit the allegations stated in Paragraph 109.

110. Defendants admit the allegations stated in Paragraph 110 insofar as it alleges that James Marcotte authored a report pertaining to the FCE. Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

111. Defendants admit the allegations stated in Paragraph 111 insofar as it alleges that James Marcotte authored a report pertaining to the FCE. Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

112. Defendants deny the allegations stated in the first two sentences of Paragraph 112. Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

113. Defendants admit the allegations stated in Paragraph 113 insofar as it alleges that James Marcotte authored a report pertaining to the FCE. Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

114. Defendants admit the allegations stated in Paragraph 114 insofar as it alleges that James Marcotte authored a report pertaining to the FCE. Defendants deny that Mr. Marcotte's findings penalized Plaintiff as alleged in Paragraph 114.