Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of documents that are the best evidence of their contents.

115.    Defendants admit the allegations stated in Paragraph 115 insofar as it alleges that Plaintiff wrote a letter to James Marcotte.  Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

116.    Defendants admit that Ms. McNichols allegedly authored a report concerning the FCE performed on April 20 and April 21, 2004.  Defendants deny the remaining allegations stated in this paragraph as they fail to state the entirety of a document which is the best evidence of its content.

117.    Defendants admit the allegations stated in Paragraph 117 insofar as it alleges that CGLIC's Pattie Holt wrote to Plaintiff's Counsel on April 22, 2004.  Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

118.    Defendants admit the allegations stated in Paragraph 118 insofar as it alleges that Plaintiff's Counsel sent a letter dated April 29, 2004 (dated correctly on the second page only) to CGLIC's Pattie Holt.  Defendants deny the remaining allegations in this paragraph as they fail to state the entirety of a document that is the best evidence of its content.

119.    Defendants admit the allegations stated in Paragraph 119.

120.    Defendants admit the allegations stated in Paragraph 120 insofar as it alleges that Plaintiff's Counsel sent CGLIC's Pattie Holt a correspondence dated May 21,

2004. Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

121.    Defendants admit the allegations stated in Paragraph 121 insofar as it alleges that Plaintiff's Counsel sent CGLIC's Pattie Holt a letter enclosing a letter from Dr. Cohen in June of 2004. Defendants deny that that letter was sent on June 4, 2004. Defendants deny the remaining allegations stated in this paragraph since it fails to state the entirety of documents that are the best evidence of their contents.

122.    Defendants admit the allegations stated in Paragraph 122 insofar as it alleges that CGLIC sent Plaintiff's Counsel a letter dated June 10, 2004, which is the best evidence of its content.

123.    Defendants deny the allegation stated in this Paragraph.

124.    Defendants admit the allegations stated in Paragraph 124 insofar as it alleges that CGLIC sent Plaintiff's Counsel a letter dated June 10, 2004. Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

125.    Defendants admit the allegations stated in Paragraph 125 insofar as it alleges that CGLIC sent Plaintiff's Counsel a letter dated June 10, 2004. Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content. Defendants further deny that CGLIC ignored Plaintiff's submissions.

126.    Defendants admit the allegations stated in Paragraph 126 insofar as it alleges that CGLIC sent Plaintiff's Counsel a letter dated June 10, 2004. Defendants deny the

remaining allegations in this paragraph as it fails to state the entirety of a

document that is the best evidence of its content.

127.    Defendants admit the allegations stated in Paragraph 127 insofar as it alleges that

CGLIC's Pattie Holt sent Plaintiff's Counsel a facsimile on July 7, 2004.

Defendants admit the allegations stated in Paragraph 127 insofar as it alleges that

CGLIC sent Plaintiff's Counsel a letter dated June 10, 2004.  Defendants deny the

remaining allegations in this paragraph as it fails to state the entirety of a

document that is the best evidence of its content.

128.    Defendants admit the allegations stated in Paragraph 128 insofar as it alleges that

CGLIC sent Plaintiff's Counsel a letter dated June 10, 2004.  Defendants deny the

remaining allegations in this paragraph as it fails to state the entirety of a

document that is the best evidence of its content.

129.    Paragraph 129 states a legal conclusion for which no response is required.

130.    Defendants admit the allegations stated in Paragraph 130 insofar as it alleges that

Plaintiff's Counsel wrote a letter to CGLIC's Pattie Holt dated July 29, 2004.

Defendants deny the remaining allegations stated in Paragraph 130 since it fails to

state the entirety of a document that is the best evidence of its content.  To the

extent that Paragraph 130 states legal conclusions, Defendants make no reply to

those conclusions since none is required.

131.    Defendants admit the allegations stated in Paragraph 131 insofar as it alleges that

CGLIC's Pattie Holt wrote a letter to Plaintiff's Counsel on July 30, 2004.

Defendants deny the remaining allegations in this paragraph since it fails to state

the entirety of a document that is the best evidence of its content.

132.    Defendants deny the allegations stated in the first sentence of Paragraph 132. Defendants admit the allegations stated in the second sentence in Paragraph 132, to the extent it alleges that Plaintiff had access to a computer or a telephone at Sweet Productions.  Defendants deny the remaining allegations in Paragraph 132.

133.    Defendants admit the allegations stated in Paragraph 133 insofar as it alleges that Plaintiff's Counsel sent CGLIC a letter dated September 18, 2003.  Defendants deny the remaining allegations stated in the paragraph as they fail to state the entirety of a document which is the best evidence of its content.

134.    Defendants admit the allegations stated in this paragraph insofar as they allege that CGLIC sent Plaintiff a copy of his claim file via CGLIC's letter of September 23, 2003.  The Defendants deny the remaining allegations stated in this paragraph as it fails to state the entirety of documents which are the best evidence of their content.

135.    Defendants admit the allegations stated in Paragraph 135 insofar as it alleges that Plaintiff's Counsel sent CGLIC's Katie Perich a letter dated October 20, 2003. Defendants deny the remaining allegations stated in the paragraph as they fail to state the entirety of a document which is the best evidence of its content.

136.    Defendants deny the allegations stated in Paragraph 136 and further state that CGLIC responded to Plaintiff's October 20, 2003 correspondence.

137.    Defendants admit the allegations stated in Paragraph 137 insofar as it alleges that Plaintiff wrote CGLIC's James Bonetti a letter dated October 20, 2003. Defendants deny the remaining allegations stated in this paragraph as they fail to state the entirety of a document which is the best evidence of its content.

138.   Defendants admit the allegation stated in Paragraph 138 insofar as it alleges that CGLIC's Doryne Storms wrote to Plaintiff's Counsel on November 10, 2003. Defendants deny the remaining allegations stated in this paragraph as they fail to state the entirety of a document which is the best evidence of its content.

139.   Defendants admit the allegations stated in Paragraph 139 insofar as they allege that Plaintiff's Counsel wrote to CGLIC's Ms. Perich a letter dated October 28, 2003. Defendants deny the remaining allegations in this paragraph as they fail to state the entirety of a document which is the best evidence of its content.

140.   Defendants admit that Ms. Perich did not respond to Plaintiff's October 28, 2003, correspondence to her as alleged in Paragraph 140. Defendants further state that CGLIC responded to that correspondence on November 12, 2003.

141.   Defendants admit the allegations stated in Paragraph 141 insofar as it alleges that Plaintiff's Counsel wrote to CGLIC's Ms. Perich a letter dated November 12, 2003. Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document which is the best evidence of its content.

142.   Defendants admit that Ms. Perich did not respond to Plaintiff's November 12, 2003, correspondence to her as alleged in Paragraph 142. Defendants further state that CGLIC responded to that correspondence.

143.   Defendants admit the allegations stated in Paragraph 143 insofar as it alleges that CGLIC's Claire Miller wrote to Plaintiff's Counsel on November 12, 2003. Defendants deny the remaining allegations stated in this paragraph as it fails to state the entirety of a document that is the best evidence of its content. The Defendants make no additional response to the allegations stated in the second

sentence of Paragraph 143 as it states a legal conclusion for which no response is required.

144.    Defendants admit the allegations stated in Paragraph 144 insofar as it alleges that Plaintiff's Counsel sent CGLIC a letter dated November 17, 2003. Defendants deny the remaining allegations stated in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

145.    Defendants admit the allegations stated in the Paragraph 145 but deny that CGLIC failed to respond to Plaintiff's November 17, 2003 letter.

146.    Defendants admit the allegations stated in Paragraph 146 insofar as it alleges that Plaintiff's Counsel wrote CGLIC's Claire Miller a letter dated December 10, 2003. Defendants deny the remaining allegations stated in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

147.    Defendants admit the allegations stated in Paragraph 147 insofar as it alleges that Plaintiff's Counsel wrote CGLIC's Claire Miller a letter dated December 10, 2003. Defendants deny the remaining allegations stated in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

148.    Defendants admit the allegations stated in Paragraph 148 insofar as it alleges that Plaintiff's Counsel sent CGLIC a letter dated December 19, 2003. Defendants deny the remaining allegations stated in this paragraph as it fails to state the entirety of a document which is the best evidence of its content.

149.    Defendants admit that Ms. Miller did not respond to Plaintiff's correspondence. CGLIC denies that it did not respond to Plaintiff's correspondence.

150.    Defendants admit the allegation stated in Paragraph 150 insofar as it alleges that Plaintiff sent CGLIC a letter dated December 21, 2003. Defendants deny the remaining allegations stated in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

151.    Defendants admit the allegation stated in Paragraph 151 insofar as it alleges that Plaintiff sent CGLIC a letter dated January 21, 2004. Defendants deny the remaining allegations stated in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

152.    Defendants are without sufficient information to either admit or deny the allegations stated in this Paragraph.

153.    Defendants admit the allegation stated in Paragraph 153 insofar as it alleges that Plaintiff sent CGLIC a letter dated March 11, 2004. Defendants deny the remaining allegations stated in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

154.    Defendants admit the allegations stated in Paragraph 154 insofar as it alleges that CGLIC's Pattie Holt wrote a letter to Plaintiff's counsel on March 16, 2004. Defendants deny the remaining allegations in this paragraph as they fail to state the entirety of a document which is the best evidence of its content.

155.    Defendants admit so much of Paragraph 155 as alleges that there was a telephone conference between Plaintiff's Counsel and Ms. Holt pertaining to CGLIC Special Investigation Unit's prior correspondence to the State of New York Frauds Bureau. Defendants are without sufficient information to admit or deny the remaining allegations in this Paragraph.

156.    Defendants admit the allegations stated in Paragraph 155 insofar as it alleges that CGLIC's Pattie Holt wrote Plaintiff's counsel a letter on March 22, 2004. Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of documents that are the best evidence of their content.

157.    Defendants admit the allegations stated in Paragraph 157 insofar as its alleges that Plaintiff's Counsel sent CGLIC a letter dated June 17, 2004. Defendants deny the remaining allegations in this paragraph as they fail to state the entirety of a document which is the best evidence of its content.

158.    Defendants admit the allegations stated in Paragraph 158 insofar as it alleges that CGLIC sent Plaintiff's Counsel a letter dated June 18, 2004. Defendants deny the remaining allegations in this paragraph as they fail to state the entirety of a document which is the best evidence of its content.

159.    Defendants admit the allegations stated in Paragraph 159 insofar as its alleges that Plaintiff's Counsel sent CGLIC a letter dated June 24, 2004. Defendants deny the remaining allegations in this paragraph as they fail to state the entirety of a document which is the best evidence of its content.

160.    Defendants deny the allegations stated in this Paragraph.

161.    Defendants admit the allegations stated in Paragraph 161 insofar as it alleges that CGLIC's Special Investigation Unit sent a correspondence to the State of New York Frauds Bureau on October 27, 2003, a document which speaks for itself.

162.    Defendants admit the allegations stated in Paragraph 155 insofar as it alleges that CGLIC's Pattie Holt wrote Plaintiff's counsel a letter on March 22, 2004, enclosing a copy of the report that was sent to the New York State Insurance

Department.  Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of documents that are the best evidence of their content.

163.  Defendants admit the allegations stated in this paragraph insofar as it alleges that Plaintiff responded to CGLIC's October 27, 2004 correspondence through Plaintiff's Counsel's letter of March 30, 2004.  Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content.

164.  Defendants are without sufficient information to either admit or deny the allegations stated in this paragraph.

165.  Defendants admit the allegations stated in Paragraph 165 insofar as it alleges that Plaintiff's Counsel sent CGLIC a letter dated May 11, 2004.  Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of documents that are the best evidence of their content.

166.  Defendants admit the allegations stated in this Paragraph insofar as it alleges that Plaintiff's Counsel sent CGLIC a letter dated September 22, 2003.  Defendants deny the remaining allegations in this paragraph as it fails to state the entirety of a document that is the best evidence of its content. Defendants further state that CGLIC issued a benefit check to Plaintiff for the period of April 16, 2003 through May 15, 2003, which has not been cashed.

167.  Defendants deny the allegations stated in this paragraph as alleged.

168.  Defendants deny the allegations stated in this paragraph.

169.  Defendants are without sufficient information to admit or deny whether Plaintiff continues to receive Social Security Disability Income as of the date of Plaintiff's

Complaint. Insofar as this paragraph can be construed as alleging that Plaintiff

was debilitated or disabled at the time CGLIC terminated his benefits, that

allegation is denied.

170.    Defendants deny the allegations stated in Paragraph 170.

171.    Paragraph 171 states a legal conclusion for which no response is required.

172.    Paragraph 172 states a legal conclusion for which no response is required.

173.    Paragraph 173 states a legal conclusion for which no response is required. To the

extent this paragraph alleges facts, they are denied.

174.    Paragraph 174 states a legal conclusion for which no response is required. To the

extent this paragraph alleges facts, they are denied.

175.    Paragraph 175 states a legal conclusion for which no response is required. To the

extent this paragraph alleges facts, they are denied.

176.    Paragraph 176 states a legal conclusion for which no response is required. To the

extent this paragraph alleges facts, they are denied.

177.    Paragraph 177 states a legal conclusion for which no response is required. To the

extent this paragraph alleges facts, they are denied.

178.    Paragraph 178 states a legal conclusion for which no response is required. To the

extent this paragraph alleges facts, they are denied.

179.    Paragraph 179 states a legal conclusion for which no response is required. To the

extent this paragraph alleges facts, they are denied.

180.    Paragraph 180 states a legal conclusion for which no response is required. To the

extent this paragraph alleges that UNUM caused Plaintiff emotional distress and

exacerbation of his physical condition, Defendants are without sufficient information to admit or deny these allegations.

181.    Defendants deny the allegations stated in Paragraph 181.

182.    Paragraph 182 states a legal conclusion for which no response is required. To the extent this paragraph alleges facts, they are denied

183.    Paragraph 183 states a legal conclusion for which no response is required. To the extent this paragraph alleges facts, they are denied.

## FIRST CAUSE OF ACTION

184.    All prior responses are hereby restated.

185.    Paragraph 185 states a legal conclusion for which no response is required. To the extent this paragraph alleges facts, they are denied.

186.    Paragraph 185 states a legal conclusion for which no response is required. To the extent this paragraph alleges facts, they are denied.

187.    Defendants admit the allegations in Paragraph 187.

188.    Paragraph 188 states a legal conclusion for which no response is required. To the extent this paragraph alleges facts, they are denied.

189.    Paragraph 189 states a legal conclusion for which no response is required. To the extent this paragraph alleges facts, they are denied.

190.    Paragraph 190 states a legal conclusion for which no response is required. To the extent this paragraph alleges facts, they are denied.

191.    Paragraph 191 states a legal conclusion for which no response is required. To the extent this paragraph alleges facts, they are denied.

192.   The first sentence of Paragraph 192 states a legal conclusion for which no response is required, to the extent this sentence alleges facts, they are denied. Defendants deny that Plaintiff "lost his position at Price Waterhouse" as alleged. Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph.

## SECOND CAUSE OF ACTION

193.   All prior responses are hereby restated.

194.   Paragraph 194 states a legal conclusion for which no response is required. To the extent this paragraph alleges facts, they are denied.

195.   Paragraph 195 states a legal conclusion for which no response is required.

196.   Defendants deny the allegations stated in Paragraph 196.

197.   Paragraph 197 states a legal conclusion for which no response is required. To the extent this paragraph alleges facts, they are denied.

198.   Defendants deny the allegations stated in Paragraph 198.

## AFFIRMATIVE DEFENSES

1.   The Plaintiff is not disabled within the meaning of the policy or plan and this constitutes a complete defense to the claims contained in Plaintiff's Complaint.

2.   Plaintiff's claims are barred in whole or in part by virtue of one or more of the provisions of the insurance policy or plan at issue.

3.   Plaintiff's remedy, if any, is limited to those provided under ERISA and are subject to the restrictions, deductions and offsets contained in the applicable policy.

4.    The Court's review of this matter is limited to the administrative record before the claims administrator or claims fiduciary at the time of the denial of Plaintiff's claim.

5.    No payments are owed to the Plaintiff under the terms and conditions of the said policy or plan.

6.    Plaintiff's eligibility for benefits is subject to the restrictions contained in the policy or plan.

8.    This Court's adjudication of this matter is subject to the arbitrary and capricious standard of review.

9.    Plaintiff's claim for benefits under the policy was properly denied by CGLIC.

10.    Answering Defendants assert any and all defenses available to them under the terms of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.

11.    CGLIC's denial of benefits under all of the circumstances was reasonable and was not arbitrary, capricious, unreasonable or erroneous as a matter of law, and this constitutes a complete defense to the within cause of action.

12.    Under all the circumstances, Plaintiff is owed no benefits under the policy or plan, or interest, costs and/or attorney's fees.

13.    Any relief awarded to Plaintiff may be reduced or offset by benefits with which the subject policies integrates, if any, or should be otherwise reduced as required by law.

14.    The allegations in the Complaint fail to state a cause of action pertaining to any claim for attorneys fees, interest and costs.

Respectfully Submitted
The Defendants CIGNA Group Insurance
Company, Connecticut General Life
Insurance Company, and Price Waterhouse
Long Term Disability Plan,
By their Attorneys:

CREVIER & RYAN, LLP.

David Crevier, Esq. BBO 5557242
Theodore Glockner, Esq., BBO 629469
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
Tel. (413) 787-2400
E-mail: tglockner@crevierandryan.com

## CERTIFICATE OF SERVICE
I hereby certify that I served a true copy of the foregoing on all counsel of record, via first class mail, postage pre-paid this 20 day of November, 2004

Theodore F. Glockner